## 7879. MOYE v. THE STATE.

GEORGE, J. 1. An accusation charging the offense of cheating and swin-
dling by the use of deceitful means and artful practices, and contain-
ing the averments that the defendant did falsely represent to the prose-
cutor that one Gay had promised to sign a certain note with the de-
fendant "as security," payable to the Merchants Bank, of McRae, Geor-
gia, in the sum of $55, and that one McGlohorn had also promised to
sign said notes, "when in truth and in fact the said Clem Gay and Jesse
McGlohorn had not promised to sign said note, and the said W. L. Moye
[the defendant] knew that said representation was false, and he made
said statement with the purpose of deceiving the said W. N. Watson
[the prosecutor], and with the intent to defraud the said W. N. Wat-
son, and for the purpose of obtaining the said W. N. Watson to sign
said note, and the said W. N. Watson was deceived by said false state-
ment and was induced to sign said note upon the strength of said
statement, and was injured and defrauded by the signing of said note
in the sum of $71.21," and that the prosecutor did not suffer any loss

or injury until the 10th day of May, 1916, when he was compelled to pay off a judgment which was obtained against him on said note, is not subject to general demurrer on the ground that it does not charge the commission of any offense, nor to special demurrer on the ground that it does not appear whether the note was signed by the prosecutor as principal or as security, nor whether any money or any thing of value was received by the defendant on said note, nor that the money, if any was obtained by virtue of the execution of the note, was not paid to the prosecutor, Watson. The ground of the special demurrer that the alleged statement of the defendant that he would execute a mortgage on a certain mule merely constituted a future promise is well taken, but since this allegation appears to have been abandoned by the State, no evidence being offered in its support, the error in overruling this ground was harmless.

2. The evidence is sufficient to show the guilt of the accused beyond a reasonable doubt, and there was no error in overruling the motion for a new trial, based upon the general grounds and upon the ground that the court erred in overruling a motion for continuance. The evidence of the absent witness, as it appears in the record, was not so material on any issue in the case as to require a continuance.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
DECIDED MARCH 13, 1917.

Accusation of misdemeanor; from city court of Dublin—Judge Hicks. July 17, 1916.

*Larsen & Crockett, Chappell & Burch,* for plaintiff in error.
*S. P. New, solicitor,* contra.